**DA YAO YE, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–3066–ag.**

United States Court of Appeals, Second Circuit.

March 27, 2007.

Michael Brown, New York, NY, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul Naman, Assistant United States Attorney, Beaumont, TX, for Respondent.

PRESENT: Hon. Dennis Jacobs, Chief Judge, Hon. Roger J. Miner, Hon. Robert A. Katzmann, Circuit Judges.

### SUMMARY ORDER

Petitioner Da Yao Ye, a citizen of the People's Republic of China, seeks review of a June 2, 2006 order of the BIA affirming the March 15, 2005 decision of Immigration Judge ("IJ") Alan L. Page denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In Da Yao Ye,* No. A97 391 188 (B.I.A. June 2, 2006), *aff'g* No. A97 391 188 (Immig. Ct. N.Y. City Mar. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and supplements the decision of the IJ, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, a determination "based on flawed reasoning . . . will not satisfy the substantial evidence standard." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted). The Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Id.* at 406.

■ Here, we agree that Ye's statements during his airport and credible fear interviews were inconsistent with his hearing testimony. Where discrepancies arise from an applicant's statements in an airport interview, we closely examine the interview to ensure that it represents a "sufficiently accurate record" of the applicant's actual statements. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004). We find that the IJ reasonably relied on the inconsistent statements Ye made during his pre-hearing interviews, especially where the IJ gave Ye several opportunities to explain the discrepancies in his statements, but he did not do so.

■ Accordingly, we find that substantial evidence supports the IJ's adverse credibility determination, where Ye testified inconsistently about (1) the number of times his parents were arrested, and whether he knew if they were beaten in detention and (2) whether he personally had ever been arrested. These discrepancies undermine Ye's credibility because they go to the heart of his asylum claim.[1] In addition, we agree with the BIA that there is no indication that the IJ assigned inappropriate weight to Ye's evidence, or inappropriately prejudged his claims.

■ In addition, we find that because Ye's withholding of removal and CAT claims rested on the same factual predicate as his asylum claim, the IJ did not err in denying those applications for relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005). Finally, we note that Ye does not challenge the IJ's finding that he failed to establish eligibility for relief because he illegally emigrated from China. Accordingly, we do not review that issue. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). For the foregoing reasons the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

---

1. To the extent that the IJ relied on finding implausible Ye's testimony that he did not suffer injuries after being hit on the head while in detention, substantial evidence does not support the determination. There is nothing in the record to support such a determination. Nevertheless, the Court may confidently predict the same result absent the error. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006).